UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PARTAP BAJWA,

                Petitioner,

v.

WARDEN, MESA VERDE ICE
PROCESSING CENTER,

                Respondent.

No. 1:26-cv-00936-DJC-JDP

ORDER

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 3)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").  Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders. Petitioner was apprehended by immigration officials in May 2024 and released from custody on an Order of Release on Recognizance.  (Notice to Appear (ECF No. 1-1); Opp'n, Ex. 1 (ECF No. 10-1) at 3); *see also* Opp'n (ECF No. 10) at 2.)  ICE re-detained Petitioner in August 2025.  (Opp'n, Ex. 1 at 2–3.)  Petitioner's present re-detention was enacted without notice or an opportunity to be heard, and the Government does not assert it was predicated on any changed circumstances since Petitioner's release.  (Pet. ¶ 31; *see generally* Opp'n.)

1

The Court's prior orders are dispositive on the issues raised in the Petition and Motion.  *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  For the reasons stated in those cases, Petitioner is entitled to relief.  Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondent's interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondent styled their Opposition to the Motion for a Temporary Restraining Order as also constituting a Motion to Dismiss and Response to the underlying Petition.  (*See* Opp'n.)  In the interests of judicial economy, the Court will proceed to adjudicate the merits of the Petition as to Count 1 and declines to address the remaining grounds for relief.  Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.

Respondent is ORDERED to immediately release Partap Bajwa from their custody.  Respondent shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondent is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances

necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **February 10, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Bajwa26cv00936.merits

3